IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DARELL W. JOHNSTON SR. and<br>COLEEN D. WISDOM,<br><br>                   Debtors.<br><br>BETSY FOSTER-JOHNSTON,<br><br>                   Plaintiff,<br>vs.<br><br>DARELL W. JOHNSTON SR. and<br>COLEEN D. WISDOM (JOHNSTON),<br><br>                   Defendants. | Chapter 7<br><br>No. 4-04-bk-05703-JMM<br><br>Adversary No. 4:05-ap-00109-JMM<br><br>**MEMORANDUM DECISION**<br><br>(Opinion to Post) |

        The trial in this adversary proceeding was held on January 10, 2006. The Plaintiff was present with her attorney, Michael H. Gottesman; the Debtors appeared *pro se*. After consideration of the evidence and the law, the court now rules.

**PROCEDURE**

        The Plaintiff filed this action on March 13, 2005. It sounded in §§ 523(a)(5) and (15) of the Bankruptcy Code. The Defendants answered on April 15, 2005, denying the § 523 allegations and referring to a violation of the automatic stay of § 362(a). Damages under § 362(h) were not specified.

## FACTS

The parties were divorced, in Colorado, on July 17, 2001. Child support was awarded to the Plaintiff in the monthly amount of $894.74. (Ex. 1, p. 8, para. 20.) Property and debts were also divided. (Ex. 2.) Spousal maintenance was not awarded to the Plaintiff.

In February, 2002, the parties returned to court, on contempt proceedings initiated by the Plaintiff, concerning arrearages for child support. In those hearings, the court found that Debtor, Darell W. Johnston, was behind in child support payments by $4,341.92. (Ex. 8 at 2, para. 5.) The court found Mr. Johnston to be in contempt, and awarded attorneys' fees to Plaintiff in the sum of $2,275.23. (Order of March 6, 2002, Ex. 3.) Later, Mr. Johnston paid the delinquent child support portion, but did not pay the attorney fee award. (See Exs. A and 6.) The balance currently due thereunder, with accrued interest, is $3,009.28. (Ex. 7.)

The parties again returned to court in May, 2003, once more on contempt proceedings. In that action, in addition to acknowledging that the $2,275.23 award of May 6, 2002 was still unpaid, the court reaffirmed a prior contempt award of $2,436.01, and entered an additional award of fees. By affidavit dated May 22, 2003, those fees and costs were calculated to be $2,097.99. (Ex. 4.) That latter sum has now grown, at 8% interest, to $2,503.55. (Ex. 7.) The previous unpaid award for fees and costs referred to in paragraph 7(a) of Ex. 4 ($2,436.01), has now grown to $3,221.93. (Ex. 7.) The court's order was dated June 11, 2003. (Ex. 4.)

The Debtors filed this chapter 7 bankruptcy petition on November 11, 2004.

After bankruptcy was filed, further hearings were conducted by the Colorado State court, again on contempt proceedings, on December 10, 2004 (Ex. 5). The issue concerned the Debtor, Darell W. Johnson's, failure to comply with the earlier orders. For those wilful infractions, the court ordered a jail sentence, plus the payment of $1,209.93 in attorneys' fees. (Ex. 5.) The last fee award has grown to $1,253.25 (Ex. 7).

## APPLICATION OF FACTS TO THE LAW

### Section 523(a)(5)--Child Support Issues

It was undisputed that the attorneys' fees and costs, reflected by the various court orders and summarized in Ex. 7, are related to necessary enforcement of child support proceedings, and orders entered in aid thereof. Simply because they represent attorneys' fees and costs, rather than child support itself, does not render them dischargeable. *See Cohen v. de la Cruz*, 118 S.Ct. 1212 (1998). Child support is a non-dischargeable obligation. Section 523(a)(5). The fact that an attorney had to be hired to enforce unpaid child support renders those necessary attorneys' fees and costs non-dischargeable as well. *See Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir. 1998) (courts consider whether the debt is in the nature of support). Moreover, Mr. Johnston has not claimed, nor proven, that the unpaid child support allegations were intended as anything but child support. Thus, there is no § 523(a)(5) issue as to the nature of the child support being anything other than child support.

As a result, the State of Colorado's orders dated March 6, 2002 (Ex. 3), June 11, 2003 (Ex. 4), and January 10, 2005 (Ex. 10) are hereby declared to be non-dischargeable obligations. If they remain unpaid, the state courts are entitled and authorized to enforce such obligations in accordance with state law.

### Section 523(a)(15)

This section of the Bankruptcy Code concerns agreements concerning the repayment of <u>other</u> debts besides child support or spousal maintenance. No evidence was presented that this case included debts of that type. As the non-dischargeable debts were only for child support or fees relating to child support, § 523(a)(15) is unproven and inapplicable.

Consequently, judicial inquiry into the respective hardships of the parties is unnecessary, and Exs. H and I are not material. No balancing of those relative hardships is required.

The Plaintiff's claim on this ground will be dismissed.

### Section 362(h)

Because Plaintiff's enforcement of child support debts, now determined to be non-dischargeable, occurred post-petition, there was no damage to the Defendants, and such actions have now been determined to have been lawful. Those matters were never subject to the automatic stay. Section 362(b)(2)(B). Thus any § 362(h) counterclaim is moot, and will be dismissed.

### RULING

A separate judgment will be entered which:

1. Grants Plaintiff a judgment that the Colorado State court orders of March 6, 2002, June 11, 2003, and January 10, 2005 are non-dischargeable obligations;
2. Dismisses any claims of the Plaintiff for § 523(a)(15) relief;
3. Dismisses any claims by the Defendants that the enforcement actions violated the automatic stay of § 362(a).

DATED: January 12, 2006.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| 1 | COPIES mailed this 12 day of January, 2006, to: |
| 2 | |
| 3 | Michael Gottesman<br>P.O. Box 30445<br>Tucson, AZ 85751 |
| 4 | |
| 5 | Darell W. Johnston Sr.<br>Coleen D. Wisdom (Johnston)<br>502 8th Street |
| 6 | Fowler, CO 81039 |
| 7 | Office of the United States Trustee<br>230 North First Avenue, Suite 204 |
| 8 | Phoenix, AZ 85003-1706 |

By *MB Thompson* (signature)
Judicial Assistant